# EXHIBIT C

**Ronald J. Logar --State Bar No.** 303
**Eric Pulver--State Bar No.** 7874
LAW OFFICE OF LOGAR & PULVER, PC
225 S. Arlington Ave., Ste. A
Reno , NV 89501
Tel: (775) 786-5040
Fax: (775) 786-7544

**Michael J. Flynn, Mass. State Bar No.**
**Philip H. Stillman, California State Bar No. 152861**
FLYNN & STILLMAN
224 Birmingham Drive, Suite 1A4
Cardiff, CA 92007
Tel: (888) 235-4279
Fax: (888) 235-4279
(*Application for Admission Pro Hac Vice forthcoming*)

Attorneys for Plaintiff DENNIS MONTGOMERY, an individual
and MONTGOMERY FAMILY TRUST,
a California Trust

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| DENNIS MONTGOMERY, an individual; and MONTGOMERY FAMILY TRUST, a California Trust, <br><br> Plaintiff, <br><br> vs. <br><br> eTREPPID TECHNOLOGIES, LLC., a Nevada Limited Liability Company; WARREN TREPP, an individual; and DOES 1 through 10, <br><br> Defendants. | CASE NO.: <br><br> **COMPLAINT FOR:** <br><br> 1. COPYRIGHT INFRINGEMENT; <br> 2. COPY RIGHT INFRINGEMENT BY DISTRIBUTION; <br> 3. DECLARATORY JUDGMENT; <br> 4. ACCOUNTING; <br> 5. BREACH OF FIDUCIARY DUTY; <br> 6. FRAUD; <br> 7. BREACH OF CONTRACT; <br> 8. MISAPPROPRIATION OF TRADE SECRETS; <br> 9. CONVERSION. |

Plaintiffs, Dennis Montgomery and the Montgomery Family Trust, hereby allege against Defendant, eTreppid Technologies, LLC, and Defendant, Warren Trepp, the following Claims for Relief:

## INTRODUCTION

1. This is an action arising out of the unauthorized use of extremely valuable copyrighted computer software technology by Defendant eTreppid Technologies, LLC and Defendant, Warren Trepp. Not content to reap millions of dollars on the technology without a license, the majority shareholder of eTreppid Technologies, Defendant Warren Trepp, used his majority position to squeeze out, dilute and misappropriate vast sums of money from the inventor and fellow shareholder, Dennis Montgomery, and the Montgomery Family Trust. Moreover, as fully stated below, even those breaches of fiduciary duty did not satisfy Mr. Trepp. He went further by trying to obtain plaintiff Montgomery Family Trust's extremely valuable technology through a knowingly false claim that the Montgomery Family Trust's technology was contributed to the company by Mr. Montgomery, then attempting to reverse engineer the software in direct violation of federal copyright laws. Accordingly, in addition to all other remedies, Plaintiff seeks not only a declaration of ownership under the 1976 Copyright Act of the software at issue in this litigation, but injunctive relief against any further use of the technology without a license and an accounting of all profits obtained as a result of the unauthorized exploitation of the copyrights and those derivative works therefrom.

## PARTIES

2. Plaintiff, Dennis Montgomery is an individual who resides in Washoe County, Nevada and is the inventor of all technology that is subject to this action. Montgomery is also a minority shareholder in eTreppid Technologies, LLC, Defendant above named.

3. Plaintiff Montgomery Family Trust (the "Trust") is a California irrevocable trust formed and operated under the laws of the State of California and is the owner of the copyrights at issue in this action.

4. Defendant, eTreppid Technologies, LLC, (eTreppid), is upon information and belief a Nevada limited liability company, with its principle place of business in Washoe County, Nevada.

Defendant Warren Trepp ("Trepp") is, upon information and belief, an individual who resides in Washoe County, Nevada and is the majority shareholder in eTreppid Technologies, LLC.

5. Plaintiffs are presently unaware of the true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, and therefore sue said Defendants under such fictitious names. Plaintiffs are informed and believe that such fictitious Defendants are responsible in some manner for the events and happenings herein referred to, and proximately caused the damage to Plaintiffs as herein alleged. Plaintiffs will seek leave to amend this Complaint to allege their true names and capacities when the same have been ascertained.

## JURISDICTION AND VENUE

6. Plaintiffs raise a claim under the federal Copyright Act of 1976. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. §1338(a) and 1338(b). The Court also has jurisdiction pursuant to 28 U.S.C. §1331 (federal question jurisdiction) and over the state law claims pursuant to 28 U.S.C. §1367 (supplemental jurisdiction). Venue is proper pursuant to 28 U.S.C. §1391(b) and 28 U.S.C. §1400.

## FACTUAL ALLEGATIONS

7. Dennis Montgomery (Montgomery) is an inventor and software developer. In or about 1982, Montgomery developed certain pattern recognition software for which the U.S. Copyright Office granted a series of copyrights. The Montgomery Family Trust (Trust) is the owner of Copyright Registration Nos. TXu-98-018, TXu-98-699, TXu-98-727, TXu-98-728, TXu-98-731, TXu-117-868, TXu-119-540, TX-1-983-147, TX-1-992-867, TX-2-000-234, TX-2-083-750 and TX-2-095-009 (the "Copyrights").

8. After the registration of these copyrights, Montgomery developed Derivative Works based on the pattern recognition technology originally copyrighted between 1982 and January 1987 (the "Derivative Works"). Those uniquely important Derivative Works were fully developed prior to 1998 and are the exclusive property of the Trust.

9. In or about September 1998, Montgomery and Defendant Trepp, formed Intrepid Technologies, LLC, a Limited Liability Company, which name was later changed to eTreppid

-2-

Technologies, LLC (hereafter referred to as eTreppid.) Pursuant to a "Contribution Agreement" dated September 28, 1998, between Trepp, Montgomery and the Trust, in exchange for a fifty percent interest in eTreppid Technologies, LLC to Montgomery, the Trust contributed specific technology to eTreppid that is identified in paragraph 1.2.1 of the Contribution Agreement.

10. That Paragraph specifically identifies the contributed technology as "the software compression technology contained on that certain Software Compression Engine Development Program contained on CD No. 1."

11. Significantly, because the Trust owned other technology, Paragraph 1.3 of the Contribution Agreement states that the Trust is expressly not "contributing, transferring or conveying to eTreppid under this agreement or by any other means, nor is eTreppid acquiring from [the Trust] any other tangible and intangible assets of" the Trust or Montgomery.

12. Thus, pursuant to the express terms of the Contribution Agreement, Intrepid only acquired the software compression technology contained on CD No. 1 and nothing else.

13. In particular, the Derivative Works were *not* part of the software compression technology contained on CD No. 1 that is subject to the Contribution Agreement.

14. Subsequently, Trepp began to dilute Montgomery's share in eTreppid and, used his majority interest in eTreppid to obtain favorable treatment for himself as a majority shareholder at the expense of Montgomery.

15. In or about 2003, eTreppid began sublicensing the Derivative Works to various entities, including the United States government and collecting licensing fees for the sublicenses. eTreppid was never granted a license to the Derivative Works by, and failed to pay royalties to, the Trust.

16. At no time did any of the Defendants have a written license to exploit the Trust's Derivative Works as required by 17 U.S.C. § 204(a). As a result, at best, eTreppid only can claim (if anything) an oral, non-exclusive license to exploit the Derivative Works.

17. Although the Trust denies that it granted any oral nonexclusive license to eTreppid, any such oral license was terminated by the Trust on January 19, 2006, orally and by letter dated

-3-

January 25, 2006.

18. eTreppid has failed to and refuses to cease exploitation of the Derivative Works and has so far refused to account for any profits obtained as a result of its unlicensed exploitation of the Derivative works.

19. Moreover, because of the highly confidential and sensitive nature of the Derivative Works, the Derivative Works are protected from reverse engineering and/or tampering by sophisticated safeguards. As a result of eTreppid's improper attempts to obtain and reverse engineer the Derivative Works, Defendants have, upon information and belief, destroyed part of the "source code" of the Derivative Works, further harming Plaintiffs.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement against all Defendants)

20. Plaintiffs incorporate by reference the foregoing allegations contained in Paragraphs 1 through 19 as though restated herein in full.

21. The Montgomery Family Trust is the owner of Copyright Registration Nos. TXu-98-018, TXu-98-699, TXu-98-727, TXu-98-728, TXu-98-731, TXu-117-868, and Txu-119-540 and the Derivative Works created therefrom.

22. Defendants have for the past three years and continuing to the present, exploited the Trust's derivative works without any license therefor and without paying royalties.

23. Defendant Trepp, as Manager of eTreppid, knowingly and intentionally directed eTreppid's willful infringement on the Trust's copyrights and Derivative works.

24. As a direct and proximate result of the Defendants' willful infringement on the Trust's Derivative works, the Trust has suffered and continues to suffer damages in an amount to be determined at trial.

25. Pursuant to the Copyright Act of 1976, the Trust is entitled to actual damages, statutory damages as provided therein, and its reasonable attorney's fees.

## SECOND CLAIM FOR RELIEF

### (Copyright Infringement - Unlawful Distribution of Copyrighted Work - Injunction

-4-

**17 U.S.C. §106(3)**)

26. Plaintiffs incorporate into this claim for relief the allegations contained in each and every preceding paragraph of this Complaint as if the same were set out at length herein.

27. Plaintiff Trust is the owner and author of the Derivative Works

28. In doing the acts alleged, Defendants violated the Trust's right and interest to distribute copies of the Derivative Works to the public under 17 U.S.C. § 106(3), and said acts were and are infringements of the Trusts' copyrights.

29. Plaintiffs have been and are being substantially damaged by said infringement, particularly, upon information and belief, the unauthorized use of the Derivative Works by Defendants. Further harm and injury to Plaintiffs is imminent, and Plaintiffs are without adequate remedy at law unless Defendants' infringement is enjoined by the court.

### THIRD CLAIM FOR RELIEF

### (Declaratory Relief)

30. Plaintiffs reallege and incorporate by reference each and every allegation in paragraphs 1 through 29 set forth herein.

31. An actual controversy has arisen and exists among Plaintiffs and Defendants under the Copyright Act of 1976. The Trust contends that it is the exclusive owner of the Derivative Works at issue in this action. The Defendants dispute this contention.

32. Plaintiffs desire a judicial declaration that Plaintiffs are the owners of the Derivative Work and further, that any actual or implied oral nonexclusive license is terminated.

33. Furthermore, as Plaintiffs have never validly assigned any interest in the copyrights or the Derivative Works to Defendants, Plaintiffs are entitled to a declaration that the Trust is entitled to 100% of the license fees obtained by the exploitation and sublicensing of the Derivative Works as matter of federal copyright law.

34. A declaration of rights is necessary and appropriate at this time in order that Plaintiffs may ascertain their rights and duties with respect to Defendants, and with respect to any third parties who may claim an interest in either the Copyrights or the Derivative Works either by license or

-5-

alleged sublicense.

## FOURTH CLAIM FOR RELIEF

### (Accounting)

35. Plaintiffs reallege and incorporate by reference each and every allegation in paragraphs 1 through 34 set forth herein.

36. Plaintiff Trust is the exclusive owner of the Copyrights and the Derivative Works.

37. Defendants have wrongfully exploited the Copyrights and Derivative Works without payment to the Trust therefor.

38. As a result, the Trust is entitled to an accounting of all income and profits derived from Defendants' exploitation of the Copyrights and the Derivative Works.

## FIFTH CAUSE OF ACTION

### (Breach of Fiduciary Duty)

39. Plaintiffs reallege and incorporate by reference each and every allegation in paragraphs 1 through 38 set forth herein.

40. As the majority shareholder in eTreppid Technologies, Trepp owed a fiduciary duty of utmost loyalty and good faith to Plaintiff Dennis Montgomery, including within that duty, an obligation not to use his majority interest to the detriment of the minority shareholder, and an obligation not to further his own interests at the expense of the minority shareholder, Dennis Montgomery.

41. In violation of his fiduciary duties to Plaintiff, Trepp improperly used his majority interest in order to among other things, attempt to reduce Montgomery's shares relative to his own, devalue the holdings of Montgomery while at the same time increasing the value of his shares, pay himself exorbitant dividends from the company without paying equal dividends to plaintiff Montgomery, and to misappropriate millions of dollars at Montgomery's expense from the company accounts.

42. As a direct and proximate result of Trepp's breach of fiduciary duty, Plaintiff Montgomery has suffered and continues to suffer damages in an amount to be determined at trial but

in any event no less than $6 million.

43. Because Trepp's actions were willful, malicious, in bad faith and oppressive, Montgomery requests that punitive damages be awarded against Trepp.

## SIXTH CAUSE OF ACTION

### (Fraud against Trepp)

44. Plaintiffs reallege and incorporate by reference each and every allegation in paragraphs 1 through 43 set forth herein.

45. At the time of the formation of eTreppid Technologies, LLC, and the execution by Plaintiffs of the Contribution Agreement, Trepp orally and in writing promised Plaintiffs that Montgomery would be a 50% shareholder in eTreppid Technologies with Trepp. He further represented that Montgomery would share equally with Trepp in the profits of the company.

46. At the time that Trepp made the foregoing representations to Montgomery and the Montgomery Family Trust, Trepp knew them to be false. Moreover, he made said representations in order to induce Plaintiffs to contribute valuable software compression technology to the company.

47. In reliance on those representations, Montgomery and the Montgomery Family Trust contributed the "software compression technology" to the company in reliance on Trepp's promise to share the profits therefrom.

48. However, Trepp has failed to share the profits equally and has instead failed to pay equal dividends or royalties.

49. As a direct and proximate result of Trepp's fraud, Plaintiffs have suffered and continue to suffer damages in an amount to be determined at trial but in any event no less than $6 million.

50. Because Trepp's actions were willful, malicious, in bad faith and oppressive, Montgomery requests that punitive damages be awarded against Trepp.

## SEVENTH CAUSE OF ACTION

### (Breach of Contract)

51. Plaintiffs reallege and incorporate by reference each and every allegation in paragraphs 1 through 50 set forth herein.

52. Plaintiffs and Defendant Trepp entered into a written contract titled "Contribution Agreement."

53. In pertinent part, in exchange for Plaintiffs contributing the "software compression" technology to the company, Plaintiff Montgomery was to receive 50% of the company.

54. Plaintiffs performed all obligations under the contract.

55. However, Trepp breached the contract by failing to maintain Montgomery's 50% interest, and instead, attempted to reduce his ownership interest in the company.

56. As a direct and proximate result of Trepp's breach of contract, Plaintiffs have suffered and continue to suffer damages in an amount to be determined at trial but in any event no less than $6 million.

## EIGHTH CAUSE OF ACTION

### (Misappropriation of Trade Secret)

57. Plaintiffs reallege and incorporate by reference each and every allegation in paragraphs 1 through 56 set forth herein.

58. The Derivative Works constitute trade secrets of Plaintiffs.

59. By the actions alleged above, Defendants Trepp and eTreppid Technologies have wrongfully attempted to misappropriate and convert Plaintiffs' Derivative Works.

60. As a direct and proximate result of Defendants' misappropriation of Plaintiffs' trade secrets, Plaintiffs have suffered and continue to suffer damages in an amount to be determined at trial.

61. Because Defendants' actions were willful, malicious, in bad faith and oppressive, Montgomery requests that punitive damages be awarded against Trepp.

## NINTH CAUSE OF ACTION

### (Conversion)

62. Plaintiffs reallege and incorporate by reference each and every allegation in paragraphs 1 through 61 set forth herein.

63. Plaintiffs own the Derivative Works currently in the possession of Defendants.

64. Defendants converted Plaintiffs' property for their own use and have failed and

refused to return it to Plaintiffs or give Plaintiffs access to their property.

65. As a direct and proximate result of Defendants' conversion, plaintiffs have suffered and continue to suffer damages in an amount to be determined at trial but in any event no less than $500 million.

66. Because Defendants' actions were willful, malicious, in bad faith and oppressive, Montgomery requests that punitive damages be awarded against Defendants.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a jury trial on all issues in the Complaint so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray to the court for:

1. Temporarily and preliminarily enjoin Defendants during the pendency of this action and permanently thereafter as follows:

    a. Prohibit Defendants from infringing, conspiring to infringe, or contributing to or participating in the infringement by others of Plaintiffs' copyrighted and derivative works;

    b. Prohibit Defendants from possessing any of the copyrighted or Derivative Works owned by Plaintiffs Trust, and any Derivative Works thereof, and in this regard, that Defendants be required to deliver upon oath, to be impounded during the pendency of this action, all such copies in their possession, as are alleged to infringe upon Plaintiffs' copyrights together with all recordings, tapes, cds, dvds, masters, print or digital documents and media, or any other means for recording and storing the Trust's copyrighted and Derivative Works that allow Defendants to make infringing copies, and Writs of Seizure be issued by this court in the manner provided by the Copyright Act and by the rules of the Supreme Court of the United States for Practice and Procedure in Copyright Cases, and that at the conclusion of this action, the court order all such matters be held to be surrendered to Plaintiffs or destroyed under Writs of Destruction, whichever shall seem to the court to be the most just and proper;

    c. Order Defendants to pay Plaintiffs such damages as Plaintiffs have sustained

in consequence of Defendants' infringement of the Trust's copyrights and to account for and pay over to the Trust all the profits that Defendants have derived from their willful infringement of Plaintiffs' copyrights;

    d. Order Defendants to pay such damages to Plaintiffs as this court shall consider just and proper within the provisions of the Copyright Act; and

    e. Order Defendants to pay Plaintiffs for Defendants' intentional, willful, and malicious infringement of plaintiff's copyrighted and Derivative Works, such damages as this court shall deem just and proper with the provisions of the Copyright Act, but not less than $150,000 for each separate infringement of Plaintiff's copyright.

  2. Award Plaintiffs their attorneys' fees according to proof and/or as required or permitted by the Copyright Act;

  3. Award Plaintiffs their costs; and

  4. Grant such other and further relief as the court deems just and proper.

DATED this 31st day of January, 2006.

        LAW OFFICE OF LOGAR & PULVER, PC


        By:_____(*RJL*)_____
        Ronald J. Logar, Esq.
        Attorney for Plaintiff Dennis Montgomery
        and Plaintiff Montgomery Family Trust
        Nevada Bar No. 303
        225 S. Arlington Ave. Ste. A
        Reno, Nevada 89501
        Phone: 775-786-5040
        Fax:  775-786-7544
        Email: Lezlie@Renofamilylaw.com

# PROOF OF SERVICE

I, Lezlie M. Lucas declare:

I am an employee in the City of Reno, County of Washoe, State of Nevada, of the LAW OFFICE OF LOGAR & PULVER, PC, with the business address at 225 S. Arlington Avenue, Suite A, Reno, NV 89501. I am over the age of 18 years old and not a party to this action, and that on the 31st day of January, 2006, I

_X___ deposited for mailing in the U.S. Mail, with sufficient postage affixed thereto via U. S. Regular Mail.

_____ sent via Federal Express or other overnight delivery service

_____ delivered via facsimile machine to fax number:

_____ personally delivered

_____ caused to be delivered via Reno-Carson Messenger Service

the foregoing document addressed to:

| | |
|---|---|
| Jerry M. Snyder, Esq.<br>Hale Lane Peek Dennison and Howard<br>5441 Kietzke Lane<br>Second Floor<br>Reno, NV 89511 | Via: Facsimile 775-786-6179<br>Copy to Follow US Regular Mail |

and

| | |
|---|---|
| Pillsbury Winthrop Shaw Pittman, L.L.P.<br>David A. Jakopin, Esq.<br>Jonathan D. Butler, Esq.<br>2475 Hanover Street<br>Palo Alto, CA 94304-1114<br>Facsimile: 650-233-4545 | Via: Copy Regular US Mail |

_____*(LML)*_____
LEZLIE M. LUCAS
Legal Assistant to the
Law Office of Logar & Pulver, PC

-11-