# EXHIBIT G

# UNITED STATES' MOTION FOR PROTECTIVE ORDER

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ETREPPID TECHNOLOGIES, LLC, a California Corporation,<br><br>        Plaintiff<br><br>  v.<br><br>DENNIS MONTGOMERY, et. al.,<br><br>        Defendants. | CV-N-06-00415(BES)(VPC) |
| DENNIS MONTGOMERY, et. al.,<br><br>        Plaintiffs<br><br>  v.<br><br>ETREPPID TECHNOLOGIES, INC., et. al.<br><br>        Defendants. | CV-N-06-00056(BES)(VPC) |

DECLARATION AND FORMAL CLAIM OF
STATE SECRETS AND STATUTORY PRIVILEGES
BY JOHN D. NEGROPONTE,
DIRECTOR OF NATIONAL INTELLIGENCE

I, JOHN D. NEGROPONTE, hereby declare as follows:

1. I am the Director of National Intelligence (DNI) of the United States. I have held this position since April 21, 2005. From June 28, 2004, until my appointment as DNI, I served as the United States Ambassador to Iraq.

From September 18, 2001, until my appointment in Iraq, I served as the United States Permanent Representative to the United Nations. I have also served as Ambassador to Honduras (1981-1985), Mexico (1989-1993), and the Philippines (1993-1996), and as Deputy Assistant to the President for National Security Affairs (1987-1989).

2. The statements made herein are based on my personal knowledge, as well as on information provided to me in my official capacity as DNI, and on my personal evaluation of that information. In personally considering this matter, I have read the information contained in the separate classified declaration filed *in camera* and *ex parte* in this case.

3. The purpose of this declaration is to assert formally, in my capacity as DNI and head of the United States Intelligence Community, the state secrets privilege to protect intelligence information ("state secrets privilege"), as well as a statutory privilege under the National Security Act, 50 U.S.C. § 403-1(i)(1), to protect intelligence sources and methods from unauthorized disclosure. Unauthorized disclosure of information covered by the state secrets and statutory privileges reasonably could be expected to cause serious, and in some cases exceptionally grave damage to the national security of the

2

United States, and such information should therefore be excluded from any use in this litigation.

I. STATUTORY AND EXECUTIVE ORDER AUTHORITIES

4. The position of Director of National Intelligence was created by the Intelligence Reform and Terrorism Prevention Act of 2004, Pub. L. No. 108-458, §§ 1011(a), 1097, 118 Stat. 3638, 3643-63, 3698-99 (2004) (amending sections 102 through 104 of Title I of the National Security Act of 1947). Subject to the authority, direction, and control of the President of the United States, the DNI serves as the head of the United States Intelligence Community and as the principal advisor to the President, the National Security Council, and the Homeland Security Council for matters related to intelligence and national security. See, 50 U.S.C. § 403 (b)(1),(2).

5. The "United States Intelligence Community" includes the Office of the Director of National Intelligence; the Central Intelligence Agency; the National Security Agency; the Defense Intelligence Agency; the National Geospatial-Intelligence Agency; the National Reconnaissance Office; other offices within the Department of Defense for the collection of specialized national intelligence through reconnaissance programs; the intelligence elements of the military services, the Federal

3

Bureau of Investigation, and the Department of Energy; the Office of Intelligence and Analysis of the Department of the Treasury; the Drug Enforcement Administration's Intelligence Division; the Bureau of Intelligence and Research of the Department of State; elements of the Department of Homeland Security concerned with the analysis of intelligence information (including the Office of Intelligence of the Coast Guard); and such other elements of any other department or agency as the President may designate, or as may be jointly designated by the DNI and the head of the department or agency concerned, as an element of the United States Intelligence Community. *See*, 50 U.S.C. § 401(a)(4).

6. The responsibilities and authorities of the DNI, enumerated in the National Security Act, as amended, at 50 U.S.C. § 403-1, include ensuring that national intelligence is provided to the President, the heads of the departments and agencies of the Executive Branch, the Chairman of the Joint Chiefs of Staff and senior military commanders, and the Senate and House of Representatives and committees thereof. 50 U.S.C. § 403-1(a)(1). The DNI is also charged with establishing the objectives of, determining the requirements and priorities for, and managing and directing the tasking, collection, analysis, production, and

dissemination of national intelligence by elements of the United States Intelligence Community. 50 U.S.C. § 403-1(f)(1)(A)(i), (ii). The DNI is responsible for developing and determining, based on proposals submitted by heads of agencies and departments within the United States Intelligence Community, an annual consolidated budget for the National Intelligence Program for presentation to the President, and for ensuring the effective execution of the annual budget for intelligence and intelligence-related activities, including managing and allotting appropriations for the National Intelligence Program. *Id.* § 403-1(c)(1)-(5).

7. In addition, the National Security Act of 1947, as amended, provides that "The Director of National Intelligence shall protect intelligence sources and methods from unauthorized disclosure." 50 U.S.C. § 403-1(i)(1). Consistent with this responsibility, the DNI establishes and implements the guidelines of the United States Intelligence Community for the classification of information under applicable law, Executive Orders, or other Presidential directives, and access and dissemination of intelligence. *Id.* § 403-1(i)(2)(A), (b). In particular, the DNI is responsible for the establishment of uniform standards and procedures for granting access to Sensitive

Compartmented Information to any officer or employee of any agency or department of the United States and for ensuring consistent implementation of those standards throughout such departments and agencies. *Id.* § 403-1(j)(1),(2).

8. By virtue of my position as the DNI, and unless otherwise directed by the President, I have access to all intelligence related to national security that is collected by any department, agency, or other entity of the United States. Pursuant to Executive Order 12958, as amended,[1] the President has authorized me to exercise original TOP SECRET classification authority. After personal consideration of the matter, I have determined that the classified *ex parte, in camera* declaration which accompanies this assertion of the state secrets privilege and the statutory privilege to protect intelligence sources and methods is properly classified under § 1.3 of E.O. 12958, because the unauthorized public disclosure of information contained in that declaration reasonably could be expected to cause serious, and in some cases exceptionally grave damage to the foreign policy and national security of the United States.

---

[1] Executive Order 12958 was amended by Executive Order 13292. *See* Exec. Order No. 13292, 68 Fed. Reg. 15315 (Mar. 28, 2003). All citations to Exec. Order No. 12958 are to the Order as amended by Exec. Order No. 13292. *See* Exec. Order No. 12,958, 60 Fed. Reg. 19825 (1995), *reprinted as amended in* 50 U.S.C.A. § 435 note at 180 (West Supp. 2006).

## II. ASSERTION OF THE STATE SECRETS AND STATUTORY PRIVILEGES

9.  After careful and actual personal consideration of the matter, I have determined that the unauthorized disclosure of certain information that may be implicated by the parties' claims in this matter, as set forth here and described in more detail in the classified *ex parte, in camera* declaration which accompanies this declaration, reasonably could be expected to cause serious, and in some cases exceptionally grave damage to the national security of the United States, and thus must be protected from disclosure and excluded from this case. Therefore, I formally invoke and assert the state secrets privilege to prevent the disclosure of that information.

10. Through this declaration, I also invoke and assert a statutory privilege held by the DNI under the National Security Act, as amended, to protect the intelligence sources and methods implicated by this case. *See*, 50 U.S.C. § 403-1(i)(1). My assertion of this statutory privilege for intelligence sources and methods is coextensive with my state secrets privilege assertion.

11. With my assertion of the state secrets privilege and the statutory privilege to protect intelligence sources and methods, I respectfully ask the Court to prevent any

party from testifying, eliciting testimony, producing, disclosing, entering into evidence or making any other use in discovery, at trial, or in any other way in connection with this case, information concerning: (a) the existence or non-existence of, any actual or proposed relationship, agreement, connection, contract, transaction, communication, or meeting of any kind between any entity in the United States Intelligence Community, or any current or former official, employee, or representative thereof, and any individuals or entities associated with this lawsuit, on any current or former officer or employee thereof; and (b) any actual or proposed interest in, application, or use by any entity in the United States Intelligence Agency, or any current or former official, employee, or representative thereof, of any technology, software, or source code owned or claimed by any individuals or entities associated with this lawsuit.

12. I have determined that any unauthorized disclosure of the information described in Paragraph 11 reasonably could be expected to cause serious, and in some case exceptionally grave damage to national security since the United States can neither confirm nor deny such information without compromising the effectiveness of intelligence sources and methods. Public disclosure of

information that confirms the use of particular intelligence sources and methods compromises the effectiveness of those sources and methods by alerting likely targets to their use, while public denial of the use of particular intelligence sources and methods reveals to adversaries that some practices are secure. Any truthful response to confirm or deny allegations related to intelligence sources or methods informs hostile foreign intelligence agencies about the manner in which the United States collects intelligence information, and could result in a loss of valuable intelligence when our adversaries are able to take countermeasures. Similarly, if the United States government was required to admit or deny allegations made in litigation concerning its classified contracting process, then classified contract relationships could be exposed, which would cause harm to the national security. The precise nature of the harm that would ensue from the disclosure of the information protected by the state secrets privilege and statutory privilege to protect intelligence sources and methods is set forth in detail in the *in camera, ex parte* declaration.

## CONCLUSION

13. I respectfully request that the Court grant the Department of Defense's motion for a protective order.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed this 19th day of September 2006.

_____
JOHN D. NEGROPONTE
DIRECTOR OF NATIONAL INTELLIGENCE