# EXHIBIT J

OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE
OFFICE OF GENERAL COUNSEL
WASHINGTON, DC 20511

July 26, 2023

**VIA ELECTRONIC MAIL**

Andrew D. Parker
123 North Third Street, Suite 888
Minneapolis, Minnesota 55401
parker@parkerdk.com

> **Re:** ***Touhy* request in *Smartmatic USA Corp., et al. v. Michael J. Lindell
> and My Pillow, Inc.*, Civ. A. No. 21-0098 (D. Minn.)**

Dear Counsel:

The Office of the Director of National Intelligence (ODNI) sets forth below its response and objections to your Rule 45 subpoena of former Director of National Intelligence (DNI) John Negroponte, dated July 13, 2023, issued in the above-referenced litigation. The subpoena directed to DNI Negroponte requests testimony from him with respect to information he allegedly received from or about Dennis Montgomery, including whether "(1) Mr. Montgomery participated in the development of software technology that can be used to penetrate election equipment and manipulate vote totals; (2) this technology was tested and found to work; (3) the technology was developed and was operational prior to 2020; (4) the technology at some point passed into the possession of individuals outside the CIA; (5) the technology was used to manipulate elections outside the United States prior to 2020." Exhibit A to Subpoena, at 4.

Your request is governed by ODNI's *Touhy* regulations, issued pursuant to the Federal Housekeeping Statute, 5 U.S.C. § 301, and *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), set forth at 32 C.F.R. Part 1703. The ODNI's *Touhy* regulations prohibit current and former agency employees from producing documents or information, even in response to a subpoena, without prior approval of the designated ODNI officials. 32 C.F.R. §§ 1703.2, 1703.3(a). Pursuant to these regulations, the ODNI is empowered to determine whether to provide information in matters, such as this one, in which the government is not a party. *See In re Boeh,* 25 F.3d 761, 763 (9th Cir. 1994); *Swett v. Schenk*, 792 F.2d 1447, 1451 (9th Cir. 1986); *Owens v. Republic of Sudan*, 374 F. Supp. 2d 1, 29 (D.D.C. 2005).

In considering your request, the ODNI considered a number of factors, including whether the deposition is appropriate under the applicable rules of discovery and procedure; whether compliance with the subpoena would involve disclosure of classified or privileged information, or information that is otherwise protected by statute, regulation, or ODNI policy issuance or instruction; and whether disclosure would unduly interfere

OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE
OFFICE OF GENERAL COUNSEL
WASHINGTON, DC 20511

with the orderly conduct of ODNI functions. *Id.* § 1703.3(c). Based on such factors, the ODNI hereby declines to authorize the requested testimony.

1. The Requested Testimony is Not Authorized Because It Fails to Provide DNI Negroponte Sufficient Time to Comply

As an initial matter, your subpoena failed to allow DNI Negroponte a reasonable time to comply. *See* Fed. R. Civ. P. 45(d)(3)(A)(i). "Although the rule does not specify what constitutes reasonable time to comply, common sense dictates that reasonableness is determined in relation to the extent of the materials requested and other underlying circumstances in the case." *Minor Doe I Through Parent I Doe v. School Board for Santa Rosa County*, 2009 WL 10674249, at *2 (N.D. Fla. Nov. 23, 2009)). Here, the subpoena was served on July 17, 2023, a mere 8 business days before the July 27, 2023, deposition. That is an unreasonable time for compliance. The short notice fails to provide sufficient time for ODNI to confer with DNI Negroponte to determine whether ODNI should authorize the request considering all relevant factors. *See* 32 C.F.R. Part 1703. And assigned DOJ and ODNI counsel have other previously scheduled work obligations and deadlines in this timeframe. In any event, DNI Negroponte is unavailable on the scheduled deposition date—July 27—due to a previously scheduled vacation.

2. The Requested Testimony Is Irrelevant and Not Proportional to the Needs of the Case.

The information sought from DNI Negroponte does not appear to be relevant to the claims against the Defendants or proportional to the needs of this case. *See* Fed. R. Civ. P. 26(b)(1). As you acknowledge, your interest in DNI Negroponte stems from his assertion of the state secrets privilege over sixteen years ago in *Montgomery v. eTreppid Technologies*, Civ. A. Nos. 06-056 & 06-145 (D. Nev.). *See* Exhibit A to Subpoena at 2-4. DNI Negroponte's declaration established that disclosure of certain information at issue in that litigation reasonably could be expected to cause serious, and in some cases exceptionally grave, damage to national security.[1]  *Id.* ¶ 12. There is no reasonable possibility that the *eTreppid* matter has any relevance to the claims against the Defendants in this matter. The instant lawsuit concerns allegations of hacking voting machines in the 2020 election—16 years removed from the events at issue in *eTreppid*. Therefore, on its face, the request fails to demonstrate any apparent relevance between the instant litigation and DNI Negroponte's involvement in *eTreppid*.

---

[1] The United States' assertion was also supported by a classified declaration submitted for the Court's *ex parte, in camera* review. *See* Exhibit B to Subpoena, ¶ 9.

OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE
OFFICE OF GENERAL COUNSEL
WASHINGTON, DC 20511

3. No Extraordinary Circumstances Exist to Compel the Deposition of an Apex
Official and Thus Your Request Is Unduly Burdensome.

As a former senior executive official, DNI Negroponte may not be called to testify
"absent extraordinary circumstances," which you have not demonstrated. *Simplex Time
Recorder Co. v. Sec'y of Lab.*, 766 F.2d 575, 586 (D.C. Cir. 1985) (citing *United States v.
Morgan*, 313 U.S. 409, 422 (1941)); *see also In re Cheney*, 544 F.3d 311, 314 (D.C. Cir.
2008) (issuing a writ of mandamus to prevent the forced deposition of the Vice President's
Chief of Staff); *United States v. Newman*, 531 F. Supp. 3d 181, 188 (D.D.C. 2021)
(citations omitted). To subpoena a former high-ranking government official, the official
must either have "unique first-hand knowledge related to the litigated claims or
[Defendants must establish] that the necessary information cannot be obtained through
other, less burdensome or intrusive means." *FDIC v. Galan-Alvarez*, Civ. A. No. 15-MC-
00752 (CRC), 2015 WL 5602342, at *3 (D.D.C. Sept. 4, 2015) (citing *Lederman v. N.Y.C.
Dep't of Parks & Recreation*, 731 F.3d 199, 203 (2d Cir. 2013); *In re United States*, 197
F.3d 310, 316 (8th Cir. 1999)). When seeking to depose former high-ranking government
officials, the burden is on the requester to establish these factual prerequisites. *Id.*

Here, you have not demonstrated that DNI Negroponte has first-hand knowledge
of the testimony topics. Indeed, upon inquiry by DOJ counsel, DNI Negroponte has
confirmed that he has no relevant knowledge or recollection of those topics. Moreover,
you have not demonstrated that the information sought is necessary and cannot be obtained
from another more convenient source. The topics themselves indicate that Mr.
Montgomery is such a source. *See Gomez v. City of Nashua, NH*, 126 F.3d 432, 436
(D.N.H. 1989) ("Courts generally refuse to compel the deposition of a government witness if
the [requesting party] may obtain discovery by an alternative and less burdensome method to
the government."); *see also* Fed. R. Civ. P. 26(b)(2)(C)(i). Accordingly, your request is
improper and unduly burdensome. *See United States v. Wal-Mart Stores, Inc.*, No. 01-cv-
152, 2002 WL 562301 at *3 (D. Md. Mar. 29, 2002) ("Subjecting former officials['] 
decision-making processes to judicial scrutiny and the possibility of continued
participation in lawsuits years after leaving public office would serve as a significant
deterrent to qualified candidates for public service.").

4. The Requested Testimony is Not Authorized to the Extent it Seeks Privileged
Information.

The ODNI's *Touhy* regulations provide that the ODNI shall consider whether "any
relevant privileges are applicable" to the requested disclosure. 32 C.F.R. § 1703.3(c)(1);
*see also* Fed. R. Civ. P. 45(d)(3)(A)(iii). Such privileged information includes, but is not
limited to, documents or information protected by the attorney-client, deliberative process,
work-product, law-enforcement, and national-security privileges. Here, to the extent your
subpoena requests information based on or related to DNI Negroponte's 2006 state secrets
privilege assertion, *see, e.g.*, Exhibit A to Subpoena at 2-4, such information may be
classified and subject to the state secrets privilege and the DNI's statutory privilege under
the National Security Act of 1947, as amended. *See* 50 U.S.C. § 3024(i); 32 C.F.R. §

CASE 1:23-mc-00080-APM   Document 1-13   Filed 08/04/23   Page 5 of 5

OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE
OFFICE OF GENERAL COUNSEL
WASHINGTON, DC 20511

1703.4(c)(5) (stating that the ODNI shall consider whether production "would be inconsistent with the DNI's responsibility to protect intelligence sources and methods, or reveal classified information or state secrets").

5.  The Subpoena is Cumulative and Burdensome

Finally, the ODNI has considered that your subpoena is the second one issued to DNI Negroponte and the sixth subpoena you have issued to government officials in your private civil actions concerning the 2020 election. The cumulative impact of your requests would be disruptive to the government's functioning. "[A]ny given request may seem small in isolation, but an agency has an interest in protecting itself against the cumulative disruption to its duties that would come with routinely granting requests for testimony." *Westchester Gen. Hosp., Inc. v. HHS, Ctr. for Medicare & Medicaid Servs.*, 770 F. Supp. 2d 1286, 1298 (S.D. Fla. 2011) (citing *Moore v. Armour Pharmaceutical Co.*, 927 F.2d 1194, 1198 (11th Cir. 1991)); *see also Solomon v. Nassau Cty.*, 274 F.R.D. 455, 459 (E.D.N.Y. 2011) (quashing subpoena to federal agency where "the Plaintiff fails to take into account the VA's 'legitimate concern with the potential cumulative effect of granting such requests'"). The subpoena is therefore burdensome on that alternative basis.

For the foregoing reasons, ODNI declines to authorize the requested deposition testimony of former DNI Negroponte. Please let me know if you have any questions or would like to discuss further.

Respectfully,

Christopher Thuma
Deputy General Counsel
Office of General Counsel
Office of the Director of
National Intelligence